UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT VAN SANTEN, *et al.*, | Case No.: 2:05-cv-0986-RLH-RJJ |
| Plaintiffs, | **O R D E R** |
| vs. | (Motion for Attorney's Fees and Costs–# 226) |
| RENATE SCHIFF, *et al.*, | |
| Defendants. | |
| AND RELATED CLAIMS | |

      Before the Court is a **Motion for Attorney's Fees and Costs** (#226), filed on July 17, 2008, by Jack Mason III ("Mason"), as successor trustee of the Mason Family Trust. The Court has also considered Robert and Ivonne Van Santen's ("Robert" and "Ivonne", or collectively the "Van Santens") Opposition (#242), filed August 4, 2008, and Mason's Reply (#254), filed August 18, 2008.

### BACKGROUND

      This Motion comes before the Court following protracted litigation between numerous parties. The litigation is a result of a partnership dispute arising out of the acquisition and management of Schiff Park and Schiff Mall, two commercial properties located in Las Vegas,

Nevada. Robert, a partner in Schiff Park, alleges that certain partners improperly received and withheld distributions, thus violating various contractual and fiduciary duties. Robert also alleges that these partners used improper distributions to purchase Schiff Mall, and he asserts an interest in that property as well.

In 1978, Marvin James Schiff ("Jim Schiff") began developing Schiff Park, a light industrial center located at 3308 South Highland Drive, Las Vegas, Nevada. Robert purchased a 15% interest in the property at that time. In 1980, Robert suffered financial setbacks and sold his interest in the property. In 1994, Robert married Ivonne. In late 1995 and in early 1996, Robert regained financial stability and repurchased his 15% interest in the property. He then, without Ivonne's signature, conveyed his reacquired 15% interest to the limited partnership. The Van Santens have unsuccessfully asserted that this transaction was invalid because Nevada law requires that both spouses sign a deed to transfer community property.

Eunice Mason, Mason's mother, managed the books and accounts for the partnership and owned a 5% interest in Schiff Park. In 1995, the Mason Family Trust was formed, with Eunice's son Mason named as successor trustee of the family trust. Four years later, in 1999, Eunice Mason died. The Van Santens allege that Eunice Mason, with the help of Jim Schiff, embezzled her 5% interest, or $7,653.23, from the partnership in 1978 and transferred this money to the Mason Family Trust. They also claim that profits from the Schiff Mall, which was allegedly purchased with embezzled funds from Schiff Park, were paid to the Mason Family Trust.

Robert brought this action against the Schiff Parties in Nevada state court on April 21, 2004. The Schiff Parties filed counterclaims against Robert and third-party claims against Mason. Mason filed counterclaims against the Schiff Parties and cross-claims against Robert.. Mason removed the action to this Court on August 12, 2005. On October 22, 2007, Robert requested leave to amend his complaint. Robert asserted that the amendment was needed in order to add Ivonne as a necessary party, conform to the pleadings of the other parties, and to add cross-claims based on "known facts." The Court granted leave to amend the complaint on January 16,

2008. In the Van Santens' First Amended Complaint and Cross-Complaint (#193), filed on February 14, 2008, they asserted cross-claims against Mason, as successor trustee of the Mason Family Trust, for (1) unjust enrichment, (2) breach of fiduciary duty and intentional concealment, and (3) quiet title.

On April 7, 2008, the Van Santens filed a motion to disqualify Mason's counsel. The Court denied this motion on May 8, 2008. On May 13, 2008, Mason moved for summary judgment on the Van Santens' three cross-claims. After reviewing the Van Santens' opposition and Mason's reply, the Court granted summary judgment in favor of Mason. On July 17, 2008, Mason filed his Motion for Attorney's Fees and Costs. Mason seeks attorney's fees under Nevada Revised Statute section 18.010(2)(b), or in the alternative, under Nevada Rules of Civil Procedure 68. For the reasons discussed below, the Court grants Mason's Motion for Attorneys' Fees and Costs under section 18.010(2)(b) in the amount of $37,348.00, and it does not reach Mason's alternative claim for attorney's fees and costs under Rule 68.

**DISCUSSION**

**I.   Nevada law**

Nevada law governs attorney's fee disputes based on federal diversity jurisdiction. *See, e.g., MRO Commc'ns., Inc. v. AT&T Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975)).

> In an action where a district court is exercising its subject matter jurisdiction over a state law claim, so long as state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed. *Id.* (internal quotation marks omitted)

Mason seeks attorney's fees pursuant to Nevada Revised Statute section 18.010(2)(b), which provides that attorney's fees are recoverable when a party brings or maintains a lawsuit "without reasonable grounds or to harass" the other party. A claim is groundless "if the

3

allegations in the complaint . . . are not supported by any credible evidence at trial." *Allianz Ins. Co. v. Gagnon*, 860 P.2d 720, 724 (Nev. 1993). Attorney's fees may also be awarded under this statute to punish parties for bringing "frivolous or vexatious" claims. Nev. Rev. Stat. § 18.010(2)(b). A claim is frivolous if "it is not well grounded in fact or warranted either by existing law or by a good faith argument for the extension, modification, or reversal of existing law." *Simonian v. Univ. & Cmty. College Sys. of Nev.*, 128 P.3d 1057, 1063 (Nev. 2006). The decision to award attorney's fees lies within the sound discretion of the district court. *County of Clark v. Blanchard Constr. Co.*, 653 P.2d 1217, 1220 (Nev. 1982).

**II.  The Van Santen's cross-claims**

In their First Amended Complaint, filed on February 14, 2008, the Van Santens brought claims against Mason for unjust enrichment, breach of fiduciary duty and intentional concealment, and quiet title. The Court granted summary judgment on the unjust enrichment claim and claim for breach of fiduciary duty and intentional concealment because the Van Santens provided "no evidence linking the allegedly embezzled funds to either the Mason Family Trust or to the Schiff Mall." (Dkt. #224, Order 5.) The Court now finds that these claims not only failed to create a genuine issue of material fact, but also were groundless and frivolous.

First, the Van Santens have no basis for their claim that Jim Schiff, with the help of Eunice Mason, removed funds from Schiff Park in order to purchase the Schiff Mall property and then deposited profits from the Schiff Mall into the Mason Family Trust. The Van Santens repeatedly asserted this theory in their First Amended Complaint, but in their opposition to Mason's motion for summary judgment (#219), they dropped all references to the Schiff Mall. Instead, they asserted that Mason had to have known of the allegedly embezzled funds from Schiff Park and that this money must have made its way into the Mason Family Trust. But the Van Santen's provided neither documentary nor testimonial evidence connecting Mason to these funds. Moreover, the Van Santens' unfounded assumption that Eunice Mason placed "embezzled" funds into a family trust that was created sixteen years after her alleged misconduct is purely speculative.

4

1   These claims are particularly troubling because the Van Santens represented in their motion to
2   amend (#167) that the proposed cross-claims against Mason were based on "known facts."
3   Despite this representation, however, no credible evidence supports the Van Santens' claims. The
4   Court therefore finds that the Van Santens' first two cross-claims are groundless and frivolous
5   under Nevada Revised Statutes section 18.010(2)(b).
6              The Van Santens' quiet title claim was also groundless and frivolous.  As the Court
7   noted in its Order granting summary judgment (#224), Robert and Ivonne's efforts to challenge
8   Robert's transfer of his interest in the partnership on the grounds that Ivonne never consented to
9   the transaction is highly suspect.  First, this claim comes eleven years after the transaction took
10  place and only after the Van Santens realized that Nevada's community property laws could help
11  them in their lawsuit.  More important, Robert stated in his deposition on May 22, 2008, that
12  Ivonne knew he was attempting to acquire his previous interest in the Schiff Park partnership.
13  Later, on June 3, 2008, in their opposition to Mason's motion for summary judgment, Ivonne and
14  Robert claimed that Ivonne never knew of or consented to Robert's transfer of his interest in the
15  partnership.  The Court dismissed this claim because parties are not permitted to submit "sham"
16  affidavits that contradict previous deposition testimony in order to create an issue of fact.  The Van
17  Santens resorted to sham affidavits for this very purpose, and for this reason, no credible evidence
18  supports their quiet title claim..

19  **III.   The Van Santens' motion to disqualify Mason's counsel**

20             In addition to the cost of defending against the Van Santens' cross-claims, Mason
21  incurred legal fees as a result of their motion to disqualify Attorney Brian D. Dziminski
22  ("Dziminski") from representing the Mason Family Trust (#209).  In this motion, the Van Santens'
23  asked the court to order Dziminksi to withdraw from the case because he previously represented
24  Robert (at Robert's request) in a partnership dispute in Seattle in 2005.  Robert failed to inform the
25  Court, however, that Dziminski told him of a potential conflict of interest with the Mason Family
26  Trust and that Robert knowingly signed a conflict waiver and chose to retain Dziminski.  Robert's

failure to disclose the waiver rendered the Van Santens' Motion groundless and frivolous, to say nothing of the fact that it was filed on the eve of trial and several months after the Van Santens became adverse to Mason.  As noted in the Court's Order (#213), this motion bordered on bad faith and was entirely without merit; Mason is therefore entitled to recover attorney's fees and costs for the time spent opposing it.

### IV.  Mason's request for attorney's fees

Pursuant to Local Rule 54-16, Mason submitted billing records that included itemizations and descriptions of the work performed.  Mason asserts that these fees are fair and reasonable, were all necessitated by the Van Santen's cross-claims, and do not include fees directly related to settlement negotiations with the Schiff Parties.  The Van Santens claim that these records do not adequately distinguish between the time spent defending against the Schiff Parties' claims and the Van Santens' cross-claims.

The Court has reviewed Mason's billing records and finds that the costs incurred by Mason were a result of the Van Santens' claims.  All of Mason's motions were filed in response to the Van Santens' cross-claims or request for withdrawal of counsel, and all of Mason's discovery costs were incurred preparing for and deposing the Van Santens' witnesses.  The Court notes that the few billing entries relating solely to settlement negotiations between Mason and the Schiff Parties were deducted from the final total.

Mason's attorney's fees are also reasonable.  Dziminski charged Mason a rate of $200.00 an hour and spent approximately 170 hours defending against the Van Santens' cross-claims, opposing their motion requesting with withdrawal, and preparing for and taking depositions of their witnesses.  The Court finds that Dziminski's hourly rate and the time he spent on these matters are reasonable, and it awards Mason all of his attorney's fees.

### CONCLUSION

Accordingly, and for good cause appearing,

1  IT IS HEREBY ORDERED that Mason's Motion for Attorney's Fees and Costs
2  (#226) is GRANTED. The Court awards Mason $37,348.00 in attorney's fees.
3
4  Dated: September 2, 2008.
5
6  _____
7  **ROGER L. HUNT**
   **Chief United States District Judge**